IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-15-0065** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| WARDEN DAVID EBBERT , | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I.    Procedural Background.

On January 12, 2015, Petitioner Clarence Schreane, an inmate at USP Lewisburg

in Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus, pursuant

to 28 U.S.C. § 2241, in this Court.[1]  (**Doc. 1**).  Petitioner paid the filing fee.  (*See*

Docket).  Petitioner named as Respondent, David Ebbert, Warden at USP Lewisburg[2].

(Doc. 1).  The habeas petition was served on Respondents through a Show Cause Order

on January 13, 2015.  (Doc. 3).  Petitioner's sole claim is challenging, "Nunc Pro Tunc

Designation, to a State of Tennessee Prison, I am not requesting to have any Federal

---

[1]We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28 U.S.C.
§ 1331, with this Court.  Petitioner also previously filed eight Petitions for Writ of Habeas Corpus
under 28 U.S.C. § 2241, with this Court.  Petitioner also has an additional pending Habeas Petition
filed on January 22, 2015 in this Court, *Schreane v. Ebbert*, 3:15-cv-00146.

[2]Insofar as Petitioner has filed a petition for habeas under § 2241, he has named the correct
Respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241
habeas petitioner seeks to challenge his present physical custody within the United States, he should
name his warden as respondent and file the petition in the district of confinement.").

sentence run concurrent with state imposed sentence, only to be transferred to state."
(Doc. 1, p. 2).

On February 4, 2005, Respondent filed a Response to the Petition for Writ of
Habeas Corpus. (Doc. 5). On February 19, 2015, Petitioner filed a Traverse. (Doc. 7).
Thus, Petitioner's Habeas Petition is ripe for our disposition.

## II.    Factual and Procedural Background.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a
felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States
District Court for the Eastern District of Tennessee.[3]   Pursuant to that conviction,
Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty
seven (327) months incarceration and five (5) years supervised release. Subsequently,
Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed
the District Court's judgment of sentence on June 11, 2003. After the Sixth Circuit
Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking  to
appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regard
to his sentence. The District Court  for the Eastern District of Tennessee denied that

---

[3]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of
Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon.
We accessed the Docket at https://ecf.tned.uscourts.gov.

motion as time-barred by the statute of limitations on December 13, 2004.   Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009.  On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit Court of Appeals since he had not received permission to file a successive §2255 motion, as required.  On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals. Most recently, in May 2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the denial of his § 2255 motion in 2004.  The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

As stated, Petitioner also previously filed nine additional petitions for writ of habeas corpus under 28 U.S.C. § 2241 in this Court.  (Civil Docket Nos. 13-1643, 13-2478, 13-3009, 13-3110, 14-246, 14-719, 14-1165, 14-1243, 15-146, all filed in M.D. Pa.).  As noted, Petitioner has filed at least three prior civil rights actions with this Court, namely, Civil Nos. 10-1765, 11-613, and 13-1057 (M.D. Pa.).

3

## III.    Discussion.

In his Habeas Petition, Petitioner does not challenge the execution of his sentence and instead requests a *nunc pro tunc* designation to Tennessee State custody for service of the remainder of his federal sentence. (Doc. 1). Petitioner states that he is not requesting a *nunc pro tunc* designation to have his state and federal sentences run concurrently, he only wants to serve the remainder of his federal sentence in the State of Tennessee. (*Id.*). The State of Tennessee has a detainer lodged against him with federal authorities upon his release from federal custody. (*Id.*). Petitioner alleges that the lack of state legal materials in federal prison is hindering his ability to challenge his state sentence. (*Id.*). Petitioner further challenges that the failure to transfer him will deny him due process and the right of access to courts. (*Id.*).

Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claim in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Respondents concede that Petitioner has exhausted available administrative remedies regarding the *nunc pro tunc* designation to a state facility. (Doc. 5).

Specifically, we agree with Respondent's argument (Doc. 5, pp. 7-9) that Petitioner's present claim does not raise a core habeas claim. Thus, it is not a proper claim with respect to a § 2241 habeas petition. Further, Petitioner's habeas claim that

4

he should be transferred to a Tennessee State Prison to serve the remainder of his prison term is not a core habeas claim.  Petitioner is seeking the Court to order the BOP to designate him *nunc pro tunc* to a Tennessee State Prison.[4]  (Doc. 1, p. 6).  We find that this claim is not challenging the duration of Petitioner's confinement.

Petitioner's claim  regarding Petitioner's place of confinement is not a habeas claim. This is a challenge to Petitioner's conditions of confinement, and as such, this claim is not cognizable in a § 2241 habeas petition.  *See Burnam v. Marberry*, 2008 WL 4190785,*3 (W. D. Pa.) (if Petitioner is not asserting habeas claims under § 2241 challenging the execution of his sentence, the court does not have habeas jurisdiction over his claims) (citing *Woodall v. BOP*, 432 F. 3d 235, 242-43 (3d Cir. 2005)).   In *Burnam*, the Court stated that after *Woodall*, "the Third Circuit has held, albeit in unpublished decisions, that an inmate's claim that implicates a BOP decision to transfer him from one penal institution to another penal institution does not fall within the scope of habeas jurisdiction." *Id*., *4(citations omitted).  In Petitioner's case, the BOP lacks the authority to transfer Petitioner from a federal facility to a Tennessee State Prison because the BOP has not received a request from the State of Tennessee for Petitioner's transfer

---

[4]Petitioner's present claims do not affect the length of his sentence, and as noted above, a habeas corpus petition is not the proper remedy. *See Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  As Respondent argues (Doc. 5, p. 9), Petitioner's stated habeas claims challenging conditions of his confinement such as being confined in a federal facility instead of a Tennessee State Prison are not core habeas claims and are cognizable only in a civil rights action. ( *Id.*).

to state authorities.  (Doc. 5, p. 10).  Thus, he will be released to the custody of

Tennessee, pursuant to a detainer, after the completion of his federal sentence.  (*Id.*).

Thus, Petitioner's stated claim does not amount to a challenge to the execution of his

sentence and this Court does not have subject matter jurisdiction under 28 U.S.C. § 2241.

Further, Petitioner does not have a constitutional right to confinement in any

particular prison.  Denying Petitioner transfer from one institution to another does not

amount to a constitutional violation, since Petitioner has no right to be incarcerated in

any specific prison.  *See Olim v. Wakinekona*, 461 U.S. 238 (1983).  Furthermore, it is

also well-settled that an inmate has no recognizable constitutional right to a particular

custody status.  *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997).

In *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), the Third Circuit explained

challenges to the execution of sentence:

> The "core" habeas corpus action is a prisoner challenging the authority of the
> entity detaining him to do so, usually on the ground that his predicate sentence
> or conviction is improper or invalid.  *See Leamer v. Fauver*, 288 F.3d 532, 542
> (3d Cir. 2002).  Title 28, section 2241 of the United States Code "confers
> habeas jurisdiction to hear the petition of a federal prisoner who is challenging
> not the validity but the execution of his sentence."  *Cody v. Vaughn*, 251 F.3d
> 480, 485 (3d Cir. 2001).  *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d
> 235, 241 (3d Cir. 2005).

The petitioner in *Woodall* challenged the BOP regulation allowing only ten

percent of his sentence to be served in a halfway house after he was sentenced to serve

6

six months in a halfway house. "Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer." 432 F.3d at 243. "The qualitative difference was sufficient to mark Woodall's challenge as one that went to the 'execution' of his sentence, and that was thus cognizable under §2241." *Id.*

In the instant petition, a ruling in Petitioner's favor would not affect the fact or duration of his sentence, rather it would affect where he is confined. Thus, "no matter what the outcome of the habeas petition, neither the fact nor length of incarceration will be affected." *Bronson v. Demming*, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002). The entire focus of Petitioner's Habeas Petition is to change the place of Petitioner's confinement, not to alter the fact or length of the confinement. Thus, we find that the Court lacks subject matter jurisdiction over Petitioner's present habeas claim regarding Petitioner being transferred to a Tennessee State Prison. Thus, we shall recommend that Petitioner's habeas claim be dismissed since it is not cognizable in a § 2241 habeas petition.

## IV.   Recommendation.

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed with prejudice for lack of subject matter jurisdiction.


_**S/ Joseph F. Saporito, Jr.**_
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: March 2, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-15-0065** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| WARDEN DAVID EBBERT , | : | |
| | : | |
| Respondent | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

Report and Recommendation dated **March 2, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**


**Dated: March 2, 2015**