**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN DAVID EBBERT,<br><br>    Respondent. | CIVIL ACTION NO. 3:CV-15-065<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SAPORITO) |

## MEMORANDUM ORDER

Before me is Petitioner Clarence Schreane's Objections (Doc. 9) to Magistrate Judge Saporito's Report and Recommendation (Doc. 8) on his petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 (Doc. 1). In his petition, Petitioner requests that he be transferred to a state prison in Tennessee. (Doc. 1, ¶ 5.) Petitioner makes clear, however, that he is not seeking to have his federal sentence run concurrent with his state imposed sentence. (*Id*.) Rather, Petitioner requests that he be transferred to a Tennessee prison because he is unable to litigate his state case in his present confinement since he does not have access to state law material at USP Lewisburg. (*Id*. at ¶ 13(a); Doc. 7, 2-3; Doc. 9, 3; Doc. 11, 2.)

On March 2, 2015, Magistrate Judge Saporito issued the instant Report and Recommendation. (Doc. 8.) Magistrate Judge Saporito recommends that the Petition be dismissed for lack of subject matter jurisdiction. (*Id*. at 8.) Petitioner filed timely objections to the Report and Recommendation, arguing that the relief he requests should be granted because the Bureau of Prisons is not providing him "with raw material, or neither providing any relevant assistance or providing him with state law, . . ." (Doc. 9, 4.) He further argues that it is "a violation of [his] constitutional right to be confined in a prison that does not provide adequate law . . . ." (*Id*.)

Where objections to the Magistrate Judge's report are filed, the court must conduct

a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). But, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

The recommendation to dismiss the Petition will be adopted and Petitioner's objections will be overruled. Here, Petitioner's claim is based on his belief that he is being denied access to the courts, "an allegation which quite simply does not sound in habeas and is not the proper subject of a Section 2241 petition." *Diaz v. Fed. Bureau of Prisons*, No. 12-1810, 2013 WL 1246771, at *2 (M.D. Pa. Mar. 26, 2013); *Jupiter v. Warden, USP Lewisburg*, 237 F. App'x 726, 728 (3d Cir. 2007) ("The District Court properly held that Jupiter's access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241."). Moreover, "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . a quantum change in the level of

custody." *Ganim v. Federal Bureau of Prisons*, 235 F. App'x 882, 884 (3d Cir. 2007) (quotation and citation omitted) (challenge to BOP's failure to transfer the petitioner from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York was not cognizable under § 2241). As such, I will adopt the Report and Recommendation and dismiss Petitioner's § 2241 Petition.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Saporito's Report and Recommendation (Doc. 8) is **ADOPTED**.

(2) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

(3) The Clerk of Court is directed to mark the case as **CLOSED**.

April 30, 2015  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge